IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-265 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN ADAMS |
| -vs- | ) | |
| | ) | |
| ERICK HENDRICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO OBTAIN GRAND JURY TRANSCRIPTS**

Now comes Defendant Erick Hendricks, by and through his undersigned counsel, moves this Court for an order for the Disclosure of the Grand Jury Transcripts. This Motion is supported by the attached Memorandum.

Respectfully submitted,

S/Stephen D. Hartman
Stephen D. Hartman (OH 0074794)
310 River Road
Maumee, OH 43537
(419) 461-6107
(419) 710-0496 Fax
stevehartmanlaw@gmail.com

S/ David L. Doughten
David L. Doughten (OH 0002847)
4403 St. Clair Ave.
Cleveland, OH 44103
(216) 361-1112
(216) 881-3928 Fax
ddoughten@yahoo.com

COUNSEL FOR DEFENDANT ERICK JAMAL HENDRICKS

**MEMORANDUM IN SUPPORT**

**Overview**

The defendant Erick Hendricks is charged in a superseding indictment of December 13, 2016 with one count of Conspiracy to Provide Material Support and Resources to a Foreign Terrorist Organization, 18 USC 2339B(a)(1) and one count of Attempting to Provide Material Support and Resources to a Foreign Terrorist Organization.  Mr. Hendricks denies the charges. In the manner and means of furthering the conspiracy, the grand jury found that Hendricks used social media to communicate with individuals, including A.A., who appeared to support ISIL. Hendricks was alleged to have vetted individuals to determine if they were suitable to join a cell, determine if they were working for law enforcement, directed potential recruits to vet other recruits, provided advice on how to avoid detection of law enforcement and suggested materials to potential recruits.

The unique nature of this case establishes a particularized need for the grand jury testimony.  Hendricks does not deny he participated in aspects of the allegations, but did so to uncover possible terrorists rather than to assist them.  He also believes that others may have posed as him in social media, unbeknownst to him.  In order to determine, as part of his defense, which deeds and statements are attributable to him, and which are not, disclosure is necessary. His ability to present a defense is largely dependent upon access to this information.

**A.     Defendant Hendricks Has a Particularized Need for the Transcript of the Grand Jury Proceedings in Order to Adequately Cross Examine Prosecution Witnesses.**

Federal Rule of Criminal Procedure 6(e)(3)(E)(I) permits the Court to order the disclosure of grand jury proceedings "preliminarily to or in connection with a judicial

1

proceeding." U.S.C.S. Fed. Rule Crim. Proc. R. 6(e)(3)(E)(I). Disclosure of grand jury transcripts is appropriate where the defendant shows a "particularized need" for the materials that outweighs the policy underlying grand jury secrecy. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223-24 (1979). A party seeking grand jury transcripts must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222.

Where the Defendant shows a particularized need for grand jury transcripts that outweighs the need for secrecy, the trial judge may segregate extraneous materials and issue protective orders in unusual situations. *Dennis v. United States*, 384 U.S. 855, 875 (1966). "'Problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility . . .' are 'cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly.'" *Dennis v. United States*, 384 U.S. 855, 870 quoting *Procter & Gamble Co.*, 356 U.S. 677, 681.

In *Dennis*, the U.S. Supreme Court held that the Defendant demonstrated a "particularized need" and made a showing "substantially beyond the minimum required by Rule 6(e)" when the Defendant requested the transcript of the grand jury testimony of witnesses for possible impeachment at trial. *Dennis v. United States*, 384 U.S. 855, 874. The Court reasoned that in our adversary system it is "rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact." *Id.* at 873. The Court recognized that in a conspiracy case in which the witnesses testified to conversations that were largely uncorroborated, "the question of guilt or innocence may turn on exactly what was said [and] the defense is clearly entitled to all

relevant aid which is reasonably available to ascertain the precise substance of these statements." *Id.* at 872-873. To that end, the Court acknowledged that the grand jury testimony would likely be more accurate than testimony at trial, given that witnesses memories would be better closer in time to the charged events. *Id.* at 872. The Court stated, "[W]e cannot accept the view of the Court of Appeals that it is 'safe to assume' no inconsistencies would have come to light if the grand jury testimony had been examined. There is no justification for relying upon assumption." *Id.* at 874.

Here, as in *Dennis*, Hendricks has a particularized need to obtain grand jury transcripts of witness testimony for impeachment at trial. As in *Dennis*, Hendricks is charged with crimes in which the question of guilt or innocence may turn on what was said.

Further, like the Defendants in *Dennis*, as addressed briefly above, the Supreme Court noted that conspiracy charges carry almost an inherent particularized need of access:

> "A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. Under these circumstances, it is especially important that the defense, the judge, and the jury should have the assurance that the doors that may lead to truth have been unlocked."

*Dennis v. United States* 384 U.S. 855, 873.

The charges against Hendricks may be based largely on uncorroborated witness testimony about out of court conversations that allegedly occurred including with law enforcement members and undercover witnesses working with and for the FBI or another government agency. Because of the uncorroborated nature of witness testimony in this case, it is of particular importance that counsel test the veracity and accuracy of the testimony. The trial is not set for almost three years after the charged events. The grand jury proceeding occurred much

3

closer in time to the charged events, and it is more likely that the witnesses' memories of the charged events were better at the time. Because it is critical that Hendricks adequately cross-examine the witnesses against him, he has a particularized need for the transcript of their testimony before the grand jury.

**B.      Hendrick's Particularized Need for the Transcript of the Grand Jury Proceedings in this Matter Outweighs the Diminished Need for Secrecy in a Completed Grand Jury Proceeding.**

Hendricks' need for the grand jury transcripts outweighs the policy underlying grand jury secrecy. The policy reasons behind the secrecy of grand jury proceedings include 1) preventing the escape of those who might be indicted 2) to prevent interference with the deliberation of the grand jury 3) to prevent interference with witnesses who testify at the grand jury and who may later testify at trial 4) to encourage witnesses to disclose information and 5) to protect the innocent who are accused and exonerated by a grand jury. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 fn. 9. Other policy reasons might favor secrecy where additional individuals are targeted in the grand jury aside from those who have been indicted. *U.S. v. Plummer*, 941 F.2d 799, 806 (9th Cir. Ariz. 1991). Where there are such concerns, the Court can segregate irrelevant or protected portions of the transcript or disclose portions of the transcript with a protective order. *Dennis v. United States*, 384 U.S. 855, 875.

While the Court must consider the effects of disclosure on future grand juries as well as the particular grand jury, the interests in grand jury secrecy are reduced when the grand jury completes its activities. *Douglas Oil*, 441 U.S. at 222. "[A]fter the grand jury's functions are ended disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940).

The circumstances here favor disclosure because the policy reasons supporting nondisclosure are largely moot. The grand jury has completed its deliberations, therefor the interests in grand jury secrecy are significantly reduced. The risk is eliminated that disclosure would interfere with those deliberations or discourage witnesses from providing testimony before the grand jury.  Hendricks has been publicly indicted and incarcerated pending trial, therefore there is no danger of flight should the transcript be released.

While, there may be other targets discussed at the grand jury who have not been indicted and there may be security concerns given the nature of the charges, this can be remedied by the Court's in camera review and a subsequent protective order.

Hendricks has an absolute right to present a defense.  See: *Washington v. Texas* (1967) 388 U.S. 14, 23, *Chambers v. Mississippi* (1973) 410 U.S. 284, 302.  The Supreme Court has consistently held that rules of evidence and procedure cannot be used to exclude "critical" defense evidence, if there are indicia of reliability. *Davis v. Alaska* (1974) 415 U.S. 308, 319-320, *Green v. Georgia* (1979) 442 U.S. 95, 97, *Crane v. Kentucky* (1986) 476 U.S. 683, 689-690, 106 S. Ct. 2142,  *Delaware v. Van Arsdall* (1986) 475 U.S. 673, 680, *Rock v. Arkansas* (1987) 483 U.S. 44, 55, and *Holmes v. South Carolina* (2006) 126 S. Ct. 1727. Consistent with these holding is the Government's obligation to provide favorable evidence.  *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972).

Because Hendricks has a significant interest in obtaining the grand jury transcript in order to prepare and present his defense, and this interest outweighs the minimal need for secrecy in a completed proceeding, Hendricks respectfully requests disclosure of the grand jury transcript in this matter.

## III. CONCLUSION

For the foregoing reasons, the Defendant Erick Hendricks respectfully requests that this Court order the disclosure of the grand jury transcript subject to an in camera review and the necessary protective orders.

                        Respectfully submitted,

                        S/ David L. Doughten
                        David L. Doughten

                        S/ Stephen D.Hartman
                        Stephen D. Hartman

                        Counsel for Defendant Hendricks

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing Motion was filed this 28th day of July, 2017 via the Court's electronic filing system. Parties will get notice and may access the Motion via that system.

                        /s/ Stephen D. Hartman