IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:16CR265 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| ERICK JAMAL HENDRICKS | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR GRAND |
| Defendant. | ) | JURY TRANSCRIPTS |

Now comes the United States of America, by and through its attorneys, David A. Sierleja, Acting United States Attorney, and Matthew W. Shepherd, Assistant U.S. Attorney, and submits this response to Defendant's Motion to Obtain Grand Jury Transcripts (Doc. 42.)  For the following reasons, the government opposes the Defendant's motion to the extent that it requests disclosures beyond the requirements of the Jencks Act.

I.     BACKGROUND

Defendant Erick Jamal Hendricks has been charged in a superseding indictment with one count of conspiring to provide material support to a designated terrorist organization and one count of attempting to provide material support to a designated terrorist organization, both in

violation of 18 U.S.C. § 2339B(a)(1).  The charges relate to Hendricks' efforts to recruit others in the spring of 2015 to create in the United States a cell of supporters of the Islamic State of Iraq and the Levant ("ISIL"), a designated foreign terrorist organization.

## II.  ARGUMENT

Hendricks seeks disclosure of the transcripts of testimony taken before the grand jury so that he may use them for possible impeachment of government witnesses at trial.  As explained more fully below, to the extent that Hendricks seeks the transcripts of grand jury testimony of government witnesses who will testify at trial in accordance with the Jencks Act, the government does not oppose the motion; however, to the extent that Hendricks seeks the pretrial disclosure of witnesses who will testify at trial or the transcripts of witnesses who will not testify at trial, the motion should be denied.

Proceedings before a grand jury are secret.  See Fed. R. Crim. Pro. 6(e).  "There is a strong policy in favor of maintaining the secrecy of grand jury proceedings." United States v. Azad, 809 F.2d 291, 294 (6th Cir. 1986).  However, there are exceptions to this policy.  One exception is the Jencks Act, 18 U.S.C. §3500, which governs the obligations of the government to provide to defense counsel copies of prior statements of testifying witnesses. Specifically, 18 U.S.C. §3500(b) provides:  "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to provide any statement (as defined hereafter) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." "Statement" is defined to include "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. §3500(e)(3).  Thus, the transcript of grand jury testimony by a witness the government calls to testify at trial is covered by the Jencks Act, and the government

2

is obligated to provide such testimony at the conclusion of the witness's trial testimony after a motion by the defendant.

Another exception is that a defendant may obtain a district court order for disclosure upon a showing that "a particularized need for disclosure outweigh[s] the interest in continued grand jury secrecy." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). See also United States v. Battista, 646 F.2d 237, 242 (6th Cir.) ("The defendant must also demonstrate a particular need that outweighs the secrecy policy.") That is, a defendant must show that (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) their request is structured to cover only the material so needed. Douglas Oil, 441 U.S. at 222. "Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations." Id. The burden to show a particularized need is a heavy one and is only met in exceptional circumstances. E.g., United States v. Cook, 3 F. App'x 449, 451 (6th Cir. 2001) (citing In re Antitrust Grand Jury, 805 F.2d 155, 162 (6th Cir. 1986)) (recognizing that defendant's "request to examine grand jury testimony … would only be granted in the most exceptional circumstances); United States v. Pickett, No. 95-3029, 1995 WL 746849 at *1 (6th Cir. Dec. 14, 1995) ("Only the most exceptional circumstances will justify disclosure of grand jury testimony to the subject of the investigation.").

Here, Hendricks seeks the transcripts of the testimony of grand jury witnesses for impeachment purposes at trial. He does not specify if he is seeking the grand jury testimony of all witnesses, or just those who will testify at trial. As explained above, pursuant to the Jencks Act, Hendricks is entitled to the transcripts of grand jury testimony of any government witness who testifies at trial, at the conclusion of that testimony. Therefore, the government does not

3

oppose the motion to the extent that Hendricks is seeking transcripts of grand jury testimony of government trial witnesses pursuant to the Jencks Act.

However, if Hendricks is seeking the pretrial disclosure of the grand jury testimony of witnesses who will testify at trial or is seeking the transcripts of witnesses who will not testify at trial, the Jencks Act does not apply, and he must show a particularized need for those transcripts. See United States v. Short, 671 F.2d 178, 185-86 (6th Cir. 1982) (clarifying that pretrial request for disclosure of grand jury transcripts is governed by Rule 6(e) and requires a showing of particularized need). Hendricks fails to show the necessary particularized need for pretrial disclosure of grand jury transcripts or for the disclosure of transcripts of witnesses who will not testify at trial.

The basis for Hendricks' request is that he needs the transcripts to impeach the witnesses who testify against him. Particularized need must be based on more than general allegations or speculation. See Short, 671 F.2d at 187 ("A general claim such as that made by [the defendant] that disclosure of grand jury transcripts would reveal exculpatory evidence is not sufficient to satisfy the requirement of a showing of particularized need."); United States v. Sitzmann, 74 F.Supp.3d 128, 139 (D.D.C. 2014) (finding that "speculation is an insufficient basis on which to require disclosure" of grand jury materials). Regarding pretrial disclosure of grand jury testimony of testifying witnesses, Hendricks has made no showing of a particularized need for pretrial disclosure of this testimony when the Jencks Act already requires its disclosure for use as impeachment material after a witness testifies. Similarly, Hendricks has made no specific showing as to why he needs the transcripts of witnesses who will not testify at trial. In the absence of such a showing, he is not entitled to the transcripts of witnesses who will not testify against him at trial. See United States v. Triplett, No. 92-3898, 37 F.3d 1500 (Table), 1994 WL

4

532938 at *2 (6th Cir. Sept. 30, 1994) (unpublished) (holding that "government was not required to provide transcripts of the testimony of persons who would not be testifying at the trial" and denial of motion for such transcripts was proper "on the ground that [the defendant] had not shown a particularized need that would warrant disclosure of such testimony"). Hendricks' showing of particularized need for the grand jury transcripts amounts to nothing more than a general allegation that they are needed for impeachment. Without more, he fails to meet his burden.

### III. CONCLUSION

To the extent that Hendricks is seeking disclosure of the transcripts of grand jury testimony of witnesses who testify at trial after their testimony in accordance with the Jencks Act, the government does not oppose the Defendant's motion.

To the extent that Hendricks is seeking the pretrial disclosure of the transcripts of grand jury testimony of witnesses who testify at trial or the transcripts of grand jury testimony of witnesses who do not testify at trial, the motion should be denied because Hendricks has not shown a particularized need sufficient to overcome the strong policy in favor of grand jury secrecy.

However, notwithstanding the Jencks Act's requirement that the government provide statements such as grand jury testimony only after a witness has testified, the government understands that disclosure of Jencks Act materials, including grand jury transcripts, prior to a witness's testimony results in a more efficient presentation of the case at trial by both parties and avoids unnecessary delay. As a result, the government intends to provide Jencks Act materials,

including grand jury testimony, for witnesses it expects to call at trial shortly before trial. Such disclosures would be covered by the terms of the protective order already entered in this case.

          Respectfully submitted,

          DAVID A. SIERLEJA
          Acting United States Attorney

By:   /s/ Matthew W. Shepherd
       Matthew W. Shepherd (OH: 0074056)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3859
       (216) 522-7358 (facsimile)
       Matthew.Shepherd@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of August, 2017, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

    /s/ Matthew W. Shepherd
    Matthew W. Shepherd
    Assistant U.S. Attorney