IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO.: 1:16CR265 |
| Plaintiff, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) |
| ERICK JAMAL HENDRICKS, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION FOR PROTECTIVE ORDER TO PROTECT IDENTITY OF CONFIDENTIAL HUMAN SOURCE AT TRIAL

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney for the Northern District of Ohio, and Matthew W. Shepherd and Mark S. Bennett, Assistant United States Attorneys, and Rebecca Magnone, Trial Attorney, National Security Division, U.S. Department of Justice, and hereby submits this Motion for Protective Order to Protect Identity of Confidential Human Source at Trial.  The government seeks a protective order with the following provisions in order to protect the identity a confidential human source ("CHS-4") who is expected to testify at trial. These protections are necessary in

order to protect the safety of the CHS and the ability of the CHS to continue work in an undercover capacity in ongoing and future investigations. In support of this the motion, the government submits the following:

## PROTECTIVE MEASURES REQUESTED

1. CHS-4 may testify at trial using a pseudonym without publically disclosing CHS-4's true identity;

2. The government will disclose CHS-4's true name to defense counsel only. Defense counsel may not disclose CHS-4's true name to the Defendant, a member of Defendant's family, or to any other person, except that defense counsel may disclose CHS-4's true name to an attorney, paralegal, investigator, or other member of defense counsel's firm for the sole purpose of assisting in the cross-examination of CHS-4. Defense counsel shall not make any reference to CHS-4's true name in any public court proceeding or filing.

3. The defense shall be prohibited from asking CHS-4 or any other witness at trial any questions seeking the true name of or other identifying information of CHS-4; and

4. All non-official recording devices shall be prohibited from being in the courtroom in which CHS-4 testifies and no visual depictions, recordings, or photographs shall be made of CHS-4.

## RELEVANT FACTS

Defendant Erick Jamal Hendricks is charged in a superseding indictment with one count of conspiring to provide material support to a designated terrorist organization and one count of attempting to provide material support to a designated terrorist organization, both in violation of 18 U.S.C. § 2339B(a)(1). (Doc. 25). The charges relate to Hendricks' efforts to recruit others in

the spring of 2015 to create in the United States a cell of supporters of the Islamic State of Iraq and the Levant ("ISIL"), a designated foreign terrorist organization.

As alleged in the Superseding Indictment, "[t]he objects of the conspiracy were to: (1) recruit individuals in the United States to form a cell of ISIL supporters; (2) train individuals recruited for the cell of ISIL supporters to commit acts of violence in the United States on behalf of ISIL; and (3) commit acts of violence in the United States on behalf of ISIL." *Id.* The defendant was further alleged to have "vetted individuals he communicated with to determine if they were working on behalf of law enforcement;" to have "provided advice to individuals he recruited for his cell about methods of avoiding detection by law enforcement, including methods to safely communicate using social media applications and to conduct counter-surveillance of law enforcement;" to have "distributed documents to recruits that provided advice on how to avoid law enforcement detection;" and to have "provided suggestions to recruits about materials they should read, including lectures by Anwar Al-Awlaki and materials that contained bomb-making instructions and information on law enforcement surveillance methods." *Id.*

As part of the investigation that resulted in the charges against the defendant, an FBI undercover agent ("UCE") and multiple confidential human sources ("CHS") were utilized. The CHS utilized here is referred to as CHS-4. During the investigation, CHS-4 communicated with Hendricks using social media applications and then arranged to meet in person with Hendricks on May 2, 2015. During these interactions with Hendricks, CHS-4 used a pseudonym. During the in-person meeting with CHS-4, Hendricks described his plan to create a group to be trained to commit attacks in the United States. During the meeting, Hendricks also admitted to CHS-4 that he written a document with his wife called "GPS for the Ghuraba." Hendricks had earlier distributed this document to the UCE and another CHS. The document itself was a 19 page

3

guide for conducting counter-surveillance, that also provided advice on ways to support the mujahideen.  The document also advised readers to "stop going to jail … willingly" and to instead die as a martyr.  It specifically advised that readers should "never leave home without your AK-47 or M16."  (Complaint Affidavit, Doc. 1).  During his communications with CHS-4, the UCE, and other CHS's or cooperating witnesses, Hendricks provided instruction on how to detect law enforcement, tried to vet individuals to determine if they were suitable to join his group, claimed to have weapons, and advised that the penalty for testifying against a fellow Muslim was death. *Id.*

Hendricks is scheduled for trial beginning March 5, 2018.  At trial the government intends to call CHS-4 as a witness to testify to CHS-4's interactions with Hendricks.  The evidence at trial will include surveillance photos of CHS-4 with Hendricks.  CHS-4 continues to work in an undercover capacity on other investigative matters unrelated to this case.  CHS-4's ability to continue to work in an undercover capacity and CHS-4's safety would be jeopardized by the disclosure of CHS-4's true name at a public trial.

## ARGUMENT

The government seeks limited measures to protect the safety of CHS-4 who will be testifying at a public trial.  Rule 16(d)(1) of the Federal Rules of Criminal Procedure permit the Court to issue appropriate protective orders regulating discovery.  A defendant also has the right guaranteed by the Sixth Amendment to confront the witnesses against him and to engage in cross-examination of those witnesses.  Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).  However this right is not absolute:

> It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness.  On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to

4

> impose reasonable limits on such cross-examination based on concerns about, among other thing, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

Id.

In Smith v. Illinois, 390 U.S. 129 (1968), the Supreme Court found that preventing the defense from learning the real name of a government informant, the principal prosecution witness, on cross-examination violated the defendant's Sixth Amendment right to confrontation. Id., at 130-133.  However, Smith did not set out a definitive rule that the Sixth Amendment requires that the real names of government witnesses always be disclosed.  As the First Circuit has explained,

> Against this backdrop, it is readily apparent that all pseudonyms are not equal in the eyes of the Confrontation Clause.  Rather, courts must gauge the pull of Smith in any given case by the degree to which its rationale applies.  Sometimes, as in Smith itself, a witness's use of a fictitious name will transform him into a wraith and thereby thwart the efficacy of cross-examination.  Other times, the use of a fictitious name will be no more than a mere curiosity, possessing no constitutional significance.

Siegfriedt v. Fair, 982 F.2d 14, 18 (1st Cir. 1992).  Instead of a fixed rule, there should be a "balancing of interests in the relevant case-specific context."  United States v. Cellis, 608 F.3d 818, 833 (D.C. Cir. 2010).  See also United States v. El-Mezain, 664 F.3d 467, 491 (5th Cir. 2011).

Here, the government seeks limited protection for CHS-4—preventing the Defendant and the public from learning the CHS-4's true name in order to ensure the safety of CHS-4 and to avoid compromising CHS-4's ability to continue to work in an undercover capacity.  The nature of the charges faced by the Defendant shows the potential risk to CHS-4.  The Defendant is charged with conspiring and attempting to provide material support to a terrorist group.  He is alleged to have sought to organize a group of ISIL supporters to commit attacks in the United States.  He also took steps to identify law enforcement and conduct counter-surveillance.

5

Although CHS-4 has not received any specific threats related to this case, the Defendant also does not know the identity of CHS-4.  Maintaining CHS-4's anonymity will ensure CHS-4's continued safety.  This is especially true in that the evidence at trial includes surveillance photos of CHS-4 with Hendricks.  The combination of these photographs with CHS-4's true name could permit the Defendant or other members of the public to search for and locate CHS-4 in a way that disclosure of just a photograph or just a name would not.  The combination of photograph with the name puts CHS-4 at greater risk.

    CHS-4 continues to work on investigations on behalf of the FBI.  These investigations involve both online and in-person activity.  A trial involving terrorism may attract press coverage. Exposing the true name of CHS-4 to this press coverage could compromise CHS-4's ability to continue to work on investigations.  Further, exposing the true name to the Defendant, his family, or his associates would allow the Defendant to retaliate against CHS-4 by spreading CHS-4's true name, especially when the Defendant has shown a pattern of trying to spread information on spotting law enforcement to others..  Social media, blogs, email, and websites provide an easy method for a Defendant or his family and associates to publicly expose the identity of CHS-4, compromising the ability of CHS-4 to conduct legitimate law enforcement investigations and putting CHS-4 at risk.

    Balanced against these interests is the Defendant's right to confrontation.  Due to these interests, the government seeks only a limited restriction on the Defendant's ability to cross-examine CHS-4 at trial—that of not exposing the CHS-4's true name.  The government will provide defense counsel with CHS-4's true name, allowing defense counsel to investigate possible areas of bias.  The government will also provide defense counsel with any known <u>Giglio</u>/impeachment information and Jencks Act statements for CHS-4.   Not presenting the jury

6

or the Defendant with CHS-4's true name will not have any harmful effect on the defense. CHS-4 was not known to the Defendant under CHS-4's true name. CHS-4's true name has nothing to do with CHS-4's credibility. The government also does not seek to have CHS-4 testify using a disguise or screen to obscure CHS-4's appearance.

Testimony by a witness under a pseudonym has been permitted by other courts when the government had a legitimate reason to make the request and when such use of a pseudonym would not prevent the defense from placing the witness into the proper context. This is especially true when the government provided defense counsel with the witness' true identity to allow defense counsel to effectively prepare for cross-examination of the witness. See Cellis, 608 F.3d at 828-834 (upholding district court's protective order that allowed government witnesses to testify under pseudonyms but required government to disclose their identities six days prior to their testimony); Clark v. Ricketts, 958 F.2d 851, 854-55 (9th Cir. 1991) (finding that testimony under pseudonym by government witness at trial after government had disclosed witness's true name prior to trial did not violate confrontation clause); United States v. Hernandez, No. S1 12 Cr. 809 (PKC), 2013 WL 3936185 at *3 (S.D.N.Y. July 29, 2013) (unpublished) (granting government motion for undercover agent to testify under alias and prevent questioning about real name when government also offered to provide agent's real name to defense counsel); United States v. Bundy, No. 2:16-cr-46-GMN-PAL, 2017WL888311 at *3 (D.Nev. March 6, 2017) (ordering that UCE's true identity would be disclosed only to defense counsel for purposes of preparing for cross-examination but would not be disclosed at trial).

The nature of the charges against the Defendant, the possibility of publicity at trial, and CHS-4's continuing work on investigations for the FBI all balance against the minor restriction on cross-examination caused by testimony under a pseudonym under the facts of this case. The

relief requested is a lesser restriction than requesting closure of the proceedings or other measures.  See United States v. Maso, No. 07-10858, 2007WL3121986 at *3 (11th Cir. Oct. 26, 2007) (unpublished) (noting that "allowing the CW to use a pseudonym was the least restrictive method to protecting the CW's interests").  The balancing of interests in this case favors granting this request.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this honorable Court issue a protective order containing the measures described above.  A proposed order is attached.

>Respectfully submitted,
>
>JUSTIN E. HERDMAN
>United States Attorney
>
>By:   /s/ Matthew W. Shepherd
>Matthew W. Shepherd (OH: 0074056)
>Assistant United States Attorney
>United States Court House
>801 West Superior Avenue, Suite 400
>Cleveland, OH 44113
>(216) 622-3859
>(216) 522-2403 (facsimile)
>Matthew.Shepherd@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 16th day of February, 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                                /s/ Matthew W. Shepherd
                                                                 Matthew W. Shepherd
                                                                 Assistant U.S. Attorney