IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:16-CR-265 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN ADAMS |
| -vs- | ) | |
| | ) | |
| ERICK HENDRICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ERICK HENDRICK'S MOTION IN LIMINE TO RESTRICT
GOVERNMENT'S PRESENTATION OF EVIDENCE**

Now comes defendant, Erick Hendricks, by and through his undersigned attorney, and

respectfully requests that this Honorable Court prohibit the Government from introducing any

and all evidence regarding Garland, Texas.  The alleged connection of Hendricks to that incident

is too tenuous to be presented to the jury.  The danger of unfair prejudice being suffered by

Hendricks far outweighs any probative value to the Government's case.  Fed. R. Evid. 403.

The argument is more fully addressed, with one exception, in the attached memorandum.

Respectfully submitted,


S/Stephen D. Hartman          S/ David L. Doughten
Stephen D. Hartman (OH 0074794)     David L. Doughten (OH 0002847)
310 River Road              4403 St. Clair Ave.
Maumee, OH 43537            Cleveland, OH   44103
(419) 461-6107             (216) 361-1112
(419) 710-0496 Fax           (216) 881-3928 Fax
stevehartmanlaw@gmail.com        ddoughten@yahoo.com

COUNSEL FOR DEFENDANT ERICK JAMAL HENDRICKS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2017, a copy of the foregoing was filed electronically.  Parties may access this filing through the Court's system.  Notice of this filing will be sent by operation of the Court's electronic filing system

S/ David L. Doughten
David L. Doughten

Attorney for Defendant Hendricks

## MEMORANDUM IN SUPPORT

On May 3, 2015, two men, Elton Simpson and Nadir Soofi, stalked the Garland, Texas, conference center.  The target of the attack was an event taking place in the center.  Pamela Geller, a self-described free speech advocate, was holding a provocative contest.  She offered a cash-prize for the best drawing of the prophet Muhammad, whose depiction is considered sacrilege by many Muslims.  The contest was in response to the Charlie Hebdo contest held in Paris, France, earlier that year, where a newspaper was targeted for a terrorist attack for publishing a depiction of the prophet.

As the event was ending, Simpson and Soofi pulled up in a vehicle.  They approached a checkpoint manned by a Garland police officer and a school security guard.  As the two men climbed out of the car, they opened fire with automatic rifles.  One of the security men was shot in the leg as he ran.  The two attackers were eventually shot in the head and killed by SWAT members who were at the location as part of a strong security team.

It is anticipated that the Government will attempt to introduce testimony related to the Garland incident in Hendricks' trial. The Government believes that Garland as a whole is relevant to the offenses charged in the indictment.  Hendricks disagrees.

There are two separate and distinct prongs to the incident which the Government believes are relevant to Hendricks' involvement with that incident.  The first prong involves the actual terrorists who were shot and killed on that date.  The second involves Hendricks' alleged communications through texting with a UCE regarding Garland.  The two prongs  are apparently not connected or related to each other.  The former is admittedly more prejudicial than the second, although both should be precluded.

1

**Evidence Rule 403 - Restriction Against Unfair Prejudice**

It is understood that Evidence Rule 401 and 403 admittedly favor admissibility.  It is only problematic evidence which evokes unfair prejudice, that may substantially outweigh any material, probative value. Id.  As one court has aptly described the standard:

> In this context, prejudice means more than simply damage to the opponent's [*30] cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one. In the pungent phrase of Judge Sloan . . . the party "is entitled to hit as hard as he can above, but not below, the belt."

United States v. Lang, 2017 U.S. Lexis 21860, p. 29-30 (6th Cir. 2017), *citing* People v. Vasher, 449 Mich. 494, 537 N.W.2d 168, 172 (Mich. 1995) (internal citations omitted).

All of the components of unfair prejudice are present in Hendricks' case.  In today's world, there is no greater incentive for a jury to base is decision on an emotional basis rather than the evidence properly before it than a threat of a deadly terrorist activity.

**First Prong of Garland - Actual Perpetrators**

It is anticipated that evidence the Government will attempt to introduce will include photographs of guns and even pictures of the two dead men who were clearly attempting to commit an act of terrorism.  Such evidence will literally shock the jury and create antipathy against Hendricks for an act he did not commit, did not attempt to commit, and, importantly, was not charged with committing, in his indictment.  This evidence will play to the emotional sympathies and of the jury and creates a strong risk that the a verdict will be based, at least partly, on the jury's emotional reaction to the evidence.

2

It is anticipated that the Government will attempt to connect Hendrick to Simpson by the use of usernames for social media platforms.  Hendricks denies he created or used the usernames that the Government will attempt to establish the he used to communicate with Simpson.  The point is, that even if there is evidence that Hendricks did communicate with Simpson over social media platforms, there is no evidence that there was any discussion about the Garland, Texas attack between the two.  At most, communications may have indicated that Hendricks and Simpson had shared religious views, but had no relevance to violent jihad in general, or Garland specifically.

It is not anticipated that the Government has any evidence of communications between Hendricks and Nadir Soofi.

**Prong Two -UCE**

The most direct alleged connection of Hendricks to Garland is his alleged communication with a UCE.  If Hendricks were the person depicted in screenshots of communications with the UCE, there is evidence that he instructed the UCE to go to Garland and seek out the convention center.  The person that the Government believes to be Hendricks also instructed the UCE to check out the security, and if he sees "that pig, Pam, let your 'voice" be heard", or words to that effect.

The fact that the person instructing the UCE to go to the Garland convention center at exactly the same place and time that Simpson and Soofi were climbing out of the car is strong evidence that the person had no idea of what Soofi and Simpson were doing or planning to do. This would seem to absolve that person, allegedly Hendricks, of the deaths of the two men or

3

their plans.  Certainly photographs of weapons and bodies, or evidence of the plans of Soofi and

Simpson prejudicially irrelevant to this case.

**Indicted Charges**

In order to assess the relevancy of the proposed evidence, a review of the charges are

helpful. In Count One of the superseding indictment filed December 13, 2016, the Government

charged Hendricks with being involved in a conspiracy for providing material support to ISIL,

the Islamic State, a terrorist organization pursuant to 18 U.S.C. 2339B(a)(1).  Paragraph 7

alleges that the objectives of the conspiracy were to, in short, (1), recruit and train individuals to

create a cell of ISIL supporters in the United States; (2) train those individuals to commit acts of

violence in the United States on behalf of ISIL; and (3) the actual commission of acts of violence

in the United States on behalf of ISIL. (Doc. 25, Superseding indictment, PageID# 121)

As part of the means of obtaining the goals of the allege conspiracy, it is alleged that

Hendricks suggested that a UCE, (undercover employed law enforcement employee), travel to

Garland, Texas, to attend a contest for drawing the prophet Mohamad.  It is alleged that

Hendricks asked the UCE about security measures at the contest.  It is further alleged that

Hendricks caused a document to be posted online, claiming ISIL, or specifically, the Islamic

State in America, committed the offense in Garland.

The second count of the indictment generally charges 18 U.S.C. 2339A(b), material

support for a terrorist organization, and does not allege that he did so with a conspiracy.

**Prong One**

As noted above, the ties of Hendricks to Simpson or Soofi, the actual terrorists in

Garland, are very weak.  The mere fact that, if proven, he had prior communications with

4

Simpson or shared a radical view of Islam with him, does not establish that he had anything to do with those men's decision to act.  As noted, the fact that he allegedly instructed a UCE to appear at the same place and time, with not a word being spoken or more accurately, written, to the UCE for him to be on the lookout for other brothers who might be present or planning action, is highly indicative of his being completely ignorant of Soofi and Simpson's planned activities.

**Quality of Evidence is Factor of Balancing Requirement**

The strength of the proposed evidence is a consideration in determining whether evidence is admissible under Evid. R. 403.  Although not exactly on point, the Sixth Circuit has found that where the strength of the evidence is so tenuous that it may mislead a jury, it may be excluded. For instance in where a recording of a conversation involving a defendant is so intelligible that is may result in jurors filling in gaps or misunderstanding the context of what could be understood, the tape may be excluded under 403.  United States v. Scarborough, 43 F.3d 1021 (6th Cir. 1994) (explaining that the admission of an audio recording constitutes an abuse of discretion "where the unintelligible portions of a tape recording are so substantial that the recording as a whole is rendered untrustworthy" (citation and internal quotation marks omitted)).

The danger here is that the nature of the offense at Garland, Texas, or rather the potential for tragedy at Garland, Texas, which was thankfully averted, might cause the jury to use rather a very tenuous, if at all established relationship of the person the Government contends was Hendricks, to Simpson.  There is a great danger that the jury might interpret the instruction of "let your voice be heard" in light of the actions of Soofi and Simpson rather than Hendricks' actions established at trial.  In other words, because Hendricks was said to have  communicated with Simpson, and Simpson sought to kill innocent people, then a command to "let your voice be

5

heard" would be interpreted to mean to kill innocents, even though there is no evidence of instructing he UCE to get guns or bring guns or to commit a mass killing.

**Need for Disputed Evidence**

Further, a proponent's "need" for the evidence is a consideration.  Where the need is minimal, the district court must add that factor into the equation for determining admissibility. United States v. Maze, 382 Fed. Appx.462 (6th Cir. 2010).  In Maze, this Circuit determined that the proponent's need for a disputed tape was minimal, as there were other means for the proponent to obtain the information, in that case, cross-examination of the witness in question. The exclusion of the tape did not effect the proponent's, in that case the defendant's, ability to present a defense.

If the Government does not have a strong need for challenged evidence, the district court must be hesitant to permit its admission.  "Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test."  United States v. Stout, 509 F.3d 796, 800 (6th Cir. 2007) In Stout, the court reasoned that "While it is true that the government's need for the evidence should be weighed along with its probative value to determine whether it should be admitted under Rule 403, the need for the evidence does not make the evidence more likely to prove that which it is offered to prove."  The court instructed that the probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test.  *See* Fed. R. Evid. 403 advisory committee's note (stating that the rule involves "balancing the probative value of and need for the evidence against the harm likely to result from its admission") (emphasis added).

6

**Second Prong**

Hendricks agrees that the first aspect of the Garland incident cited in the indictment, that he allegedly requested that the UCE go to Garland, is relevant.  It is understood that directing another to go to the location is relevant to the allegation that he was an organizer and this is consistent with that aspect of the charge.  This aspect is not unfairly prejudicial.  But this should be all the evidence relating Garland that the Government should be able to present to the jury.  There is no need for the Government to present the evidence of the actual attack to make the charges in the indictment.  The remainder is not only unnecessary to the case, but risks the inference by the jury that Hendricks was responsible for he shootings, or even if not, that the jury would hold him so for the perceived attempt.

The outcome of the  present case rides on whether the Government is able to prove beyond a reasonable doubt that the person using a line of usernames to communicate with others, including informants and UCEs for recruiting purposes, was Hendricks.  If the Government is able to prove Hendricks created a number of usernames for the purpose of recruiting and creating terror cells, the Government will have proven its case.  That the person who created the names used on various social media platforms, such as Wickr or Surespot, violated the statutes in question is not in issue.  Hendricks denies that he created any of them. The Government does not need the details of the attack in Garland, Texas to establish the elements of the charged offenses.

Where the Government does not have a strong need for challenged evidence, the district court must be hesitant to permit its admission.  "Probative value and need for the evidence are separate considerations that weigh in favor of admission under the Rule 403 balancing test." United States v. Stout, 509 F.3d 796, 800 (6th Cir. 2007)  In Stout, the court reasoned that "While

7

it is true that the government's need for the evidence should be weighed along with its probative

value to determine whether it should be admitted under Rule 403, the need for the evidence does

not make the evidence more likely to prove that which it is offered to prove."  The court

instructed that the probative value and need for the evidence are separate considerations that

weigh in favor of admission under the Rule 403 balancing test.  *See* Fed. R. Evid. 403 advisory

committee's note (stating that the rule involves "balancing the probative value of and need for

the evidence against the harm likely to result from its admission") (emphasis added).

**Other Source For Proposed Evidence**

In making the determination of whether the unfair prejudice substantially outweighs the

probative value to the Government, the court must consider whether there was other evidence

available with the same probative value but without the unfair prejudice.  *See* United States v.

Merriweather, 78 F.3d 1070, 1077 (6th Cir. 1996) ( "One factor in balancing unfair prejudice

against probative value under Rule 403 is the availability of other means of proof.");  *see*  Old

Chief v. United States, 519 U.S. 172, 182-83 (1997) ("If an alternative were found to have

substantially the same or greater probative value but a lower danger of unfair prejudice, sound

judicial discretion would discount the value of the item first offered and exclude it if its

discounted probative value were  substantially outweighed by unfairly prejudicial risk.").  *See*

*also* United States v. Adams, 722 F.3d 788 (6th Cir. 2013).

Although Old Chief  involved prior convictions, the basis of the holding, and that of

Adams, is the recognition of the danger of allowing the jury to consider evidence that is not that

related or strong to whether the defendant committed the offense charged.  Here, because the

evidence that the same person created most of, if not all, of the questioned usernames, Garland is

8

really just cumulative of evidence that is properly admissible.  All that is necessary for the purposes of the charges is to introduce evidence alleging he requested a UCE to travel to Garland, Texas to check out he contest.

**Summary**

This Court is urged to exclude the evidence related to Garland Texas under Rule 403 of the Federal Rules of Evidence.  It is understood that "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993) (citation and internal quotation marks omitted).

Unfair prejudice refers to evidence which tends to suggest a decision on an improper basis.  United States v. Johnson, 581 F.3d 320, 327 (6th Cir. 2009) (*quoting* Paschal v. Flagstar Bank, 295 F.3d 565, 579 (6th Cir. 2002) The improper basis here is the emotional baggage of the carnage Simpson and Soofi intended to create that would be almost impossible to ignore.  Such evidence, not strongly established, would encourage the jury to base its verdict on its desire to protect the community, rather that the evidence of Hendricks actions alone.

Respectfully submitted,


 S/ David L. Doughten
David L. Doughten


 S/ Steven D.Hartman
Stephen D. Hartman

Counsel for Mr. Hendricks

9