IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: 1:16-CR-265 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | |
| ERICK JAMAL HENDRICKS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The Court has before it Erick Jamal Hendricks' (the defendant's) Pretrial Motion for Disclosure of Foreign Intelligence Surveillance Act (FISA)-Related Material and to Suppress the Fruits or Derivatives of Electronic Surveillance (hereinafter Doc. 40 or defendant's motion). For the reasons set forth below, the defendant's motion is hereby DENIED.[1]

On August 17, 2016, the defendant was charged by indictment in the Northern District of Ohio with one count of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B (a)(1). (*See* Doc. 7). On December 13, 2016, a superseding indictment was returned, which charged Hendricks with one count of conspiracy to provide material support to a foreign terrorist organization and one count of attempting to provide material support to a foreign terrorist organization, both in violation of 18 U.S.C. § 2339B(a)(1). (*See* Doc. 25).

---

[1] The Court will also file a classified supplement to this Memorandum Opinion under seal providing further discussion of the basis for the Court's findings related to the Defendant's claims in his motion to suppress that the probable cause standard was not met and that the FISC based its conclusions solely on First Amendment-protected activities.

On October 6, 2016, pursuant to 50 U.S.C. §§ 1806(c) and 1825(d), the United States provided notice to Hendricks and this Court that it "intends to offer into evidence, or otherwise use or disclose. . . information obtained or derived from electronic surveillance and physical searches conducted pursuant to [FISA]." (*See* Doc. 20). On July 28, 2017, Hendricks filed his motion. (*See* Doc. 40).

On September 29, 2017, the Government filed an unclassified response in opposition to the defendant's motion, which included a Declaration and Claim of Privilege by the Attorney General asserting under oath that disclosure of the Government's FISA materials and an adversary hearing with regard to the defendant's motion, would harm the national security of the United States. (*See* Docs. 45 and 47). Additionally, on September 29, 2017, the Government filed a classified response and appendix with the Court *in camera*, *ex parte*, and under seal.

## I. Findings

The Court has reviewed all submissions, including the relevant FISA materials contained in the Sealed Appendix submitted to the Court, *in camera* and *ex parte*, in conjunction with the Government's classified response. Based on its *in camera* and *ex parte* review of these materials, the Court finds as follows:

FISA contains specific and detailed procedures required for obtaining orders to authorize electronic surveillance and physical search of a foreign power or an agent of a foreign power. The President has authorized the Attorney General to approve applications to the Foreign Intelligence Surveillance Court (FISC) for electronic surveillance and physical search for foreign intelligence information and purposes. Thus, to begin the FISA process, an application approved by the Attorney General that contains specific information is filed *ex parte* and under seal with the FISC. 50 U.S.C. §§ 1804(a) and 1823(a). The FISC must then make necessary, specific findings after

reviewing an application before entering an *ex parte* order, 50 U.S.C. §§ 1805(a) and 1824(a), which specifically identifies the targeted facilities and directs how the electronic surveillance and physical search are to be conducted. 50 U.S.C. §§ 1805(c)(1)-(2) and 1824(c)(1)-(2). In this case, the relevant FISA materials provided to the Court *in camera* and *ex parte* establish that:

1. the application(s) was/were made by a federal officer and approved by the Attorney General (50 U.S.C. §§ 1805(a)(1) and 1824(a)(1));

2. the application(s) contained facts establishing probable cause to believe that the target of the electronic surveillance and physical search was an agent of a foreign power (50 U.S.C. §§ 1805(a)(2)(A) and 1824(a)(2)(A));

3. no United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the United States Constitution (50 U.S.C. §§ 1805(a)(2)(A) and 1824(a)(2)(A));

4. the application(s) made pursuant to 50 U.S.C. §§ 1804 and 1823 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance and/or physical search was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C. §§ 1805(a)(2)(B) and 1824(a)(2)(B));

5. the minimization procedures incorporated into the application(s) and order(s) met the requirements of 50 U.S.C. §§ 1801(h) (50 U.S.C. § 1805(a)(3)), 1821(4) (50 U.S.C. § 1824(a)(3)), and the government implemented such minimization procedures in conformity with an order of authorization or approval;

6. the application(s) contained all of the statements and certifications required by 50 U.S.C. §§ 1804 (50 U.S.C. § 1805(a)(4)) and 1823 (50 U.S.C. § 1824(a)(4));

7. no certification in an application for a target who was a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E), 1823(a)(6)(E), or any other information furnished under 50 U.S.C. §§ 1804(c) (50 U.S.C. § 1805(a)(4)) and 1823(c) (50 U.S.C. § 1824(a)(4));

8. a "significant purpose" of the government's collection pursuant to FISA was to obtain foreign intelligence information (50 U.S.C. §§ 1804(a)(6)(B) and 1823(a)(6)(B));

9. the order(s) issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(c) and 1824(c);

10. the order(s) issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(d) and 1824(d);

11. disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of the electronic surveillance and physical search without disclosing the FISA materials or any portions thereof; and

12. due process does not otherwise require disclosure of the FISA materials.

## II. Discussion

The defendant seeks materials that were presented to the FISC, including the resulting FISC order(s), that provided the legal basis for the electronic surveillance and physical search from which some of the evidence that will be used against him was obtained or derived. By requesting the disclosure of the FISA materials, the defendant is seeking discovery of material that FISA specifically protects from such disclosure, except as provided in 50 U.S.C. §§ 1806(f), (g); 1825(e), (h) (*i.e.*, if disclosure is necessary for the Court to make a determination of the legality of the surveillance or search, or if due process requires discovery or disclosure).[2]

---

[2] Two distinct due process considerations governed this Court's consideration. First, this Court considered whether the *in camera, ex parte* review process mandated by FISA Sections 1806(f)

The Attorney General has filed a sworn declaration in this case stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. Therefore, as mandated by FISA, this Court conducted an *in camera, ex parte* review of the FISA materials to determine whether the information was lawfully acquired and whether the electronic surveillance and physical search were made in conformity with an order of authorization or approval (*i.e.*, was lawfully conducted). This *in camera, ex parte* review process under FISA satisfies due process under the United States Constitution. *See United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005) (FISA does not violate the Fifth or Sixth Amendment by authorizing *in camera, ex parte* review). In conducting that review, the Court may disclose the FISA materials "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." 50 U.S.C. §§ 1806(f),

After conducting its own review of the FISA materials, the Court finds that it does not require the assistance of the defense to make an accurate determination of the legality of the electronic surveillance or physical search. Thus, there is no valid, legal reason for disclosure of any of the FISA materials to the defendant. *See United States v.* Amawi, 531 F. Supp. 2d 832, 837 (N.D. Ohio 2008) ("Where on the basis of what it receives from the government *in camera* and under seal, a district court concludes that it can determine whether a FISA surveillance and search was lawful, it may not order disclosure of any of the FISA materials."); *see also* United *States v. Duggan*, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur "only if [the court]

---

and 1825(g) accorded with due process. It does, as set forth in the cases cited herein. Second, this Court considered whether the FISA materials contain any information that due process requires be disclosed to the defendant (*e.g., Brady* material) under FISA Sections 1806(g) and 1825(h). They do not. *See United States v. Amawi* 695 F. 3d 457, 475 (6th Cir. 2015).

decides that such disclosure is 'necessary to make an accurate determination of the legality of the surveillance'") (quoting 50 U.S.C. § 1806(f)).

As a result of the Court's thorough *in camera, ex parte* examination of the materials in the Sealed Appendix, the Court finds that the FISA materials provide all of the information needed to address the defendant's motion. The Court finds that the government satisfied FISA's requirements to obtain an order(s) for electronic surveillance and physical search; that the information obtained pursuant to FISA was lawfully acquired; and that the electronic surveillance and physical search were made in conformity with an order of authorization or approval.

Additionally, there is no basis for disclosure of the FISA materials pursuant to 50 U.S.C. §§ 1806(g) and 1825(h). Such disclosure is only permitted if this Court's *in camera, ex parte* review disclosed that due process requires discovery or disclosure. The Court finds that due process does not require disclosure of the FISA materials to the defendant.[3]

The Court has reviewed the FISA materials, *in camera* and *ex parte*, and finds that under the *de novo* and due deference standards of review, they meet FISA's probable cause requirement.[4] *See United States v. Gartenlaub*, 8:14-CR-00173-CAS, Doc. No. 114, at 8 (C.D. Cal. Aug. 6, 2015) ("[T]he Court finds that the materials that it has reviewed *in camera, ex parte* satisfy either standard."); *see also United States v. Allen*, 211 F.3d 970 (6th Cir. 2000); *United States v. Alwan* No. 1:11-CR-13, 2012 WL 399154, at *8-10 (W.D. Ky. Feb. 7, 2012). The Court also finds that

---

[3] The Court also rejects the defendant's claim that defense counsel's possession of a security clearance requires disclosure of the FISA materials. *See United States v. Daoud*, 755 F. 3d 479, 481-486 (7th Cir. 2014); *Abu-Jihaad*, 630 F. 3d at 129 (pursuant to FISA, a district court must review *in camera* and *ex parte* the FISA materials and may only order disclosure to the extent required by due process).

[4] As noted above, the Court's classified supplement to this Memorandum Opinion will provide further explanation of the facts supporting the determination that the probable cause standard was met.

the defendant has not met his burden of showing that the FISA materials contain any knowingly made false statements or omissions, made either intentionally or with reckless disregard for the truth, and that there is no basis for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). To the extent that the defendant challenges the procedures dictated by Title I and III of FISA as they relate to the Fourth Amendment, the Court finds that the probable cause requirement of FISA comports with the requirements of the Fourth Amendment to the United States Constitution. *See Damrah, 412 F.3d at 625* (citing e.g., *In re Sealed Case*, 310 F.3d 717, 742-47 (FISA Ct. Rev. 2002)); *United Stated v. Pelton*, 835 F.2d 1067, 1075 (4th Cir. 1987); *United States v. Cavanagh*, 807 F.2d 787, 790-92 (9th Cir. 1987); *see also United States v. Abu-Jihaad*, 531 F. Supp. 2d 299 (D. Conn. 2008) *aff'd* 630 F.3d 102, 117-19 (2d Cir. 2010) (rejecting the defendant's Fourth Amendment claim and listing 16 cases that stand for the proposition that FISA does not violate the Fourth Amendment).

Furthermore, the certifications submitted in support of a FISA application should be "subjected only to minimal scrutiny by the courts," *United States v. Badia*, 827 F.2d 1458, 1463 (11th Cir. 1987), and are to be "presumed valid." *See United States v. Hassan*, 742 F.3d, 104, 138-39 (4th Cir. 2014) (stating that district court correctly reviewed materials with "a presumption of validity accorded to the certifications") (internal quotes and citations omitted); *United States v. Campa*, 529 F.3d 980, 993 (11th Cir. 2008); *United States v. Duggan*, 743 F.2d 39, 77 & n.6 (2d Cir. 1984) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)); *United States v. Sherifi*, 793 F. Supp. 2d 751, 760 (E.D.N.C. 2011) ("a presumption of validity [is] accorded to the certifications"); *United States v. Nicholson*, No. 09-CR-40-BR, 2010 WL 1641167, at *5 (D. Or. Apr. 21, 2010) (quoting *United States v. Rosen*, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006)); *United States v. Warsame*, 547 F. Supp. 2d 982, 990 (D. Minn. 2008) ("a presumption of validity [is] accorded to

the certifications"). If the target is a United States person, then the district court should also ensure that each certification is not "clearly erroneous." *Campa*, 529 F.3d at 994; *Duggan*, 743 F.2d at 77; *United States v. Kashmiri*, No. 09 CR 830-4, 2010 WL 4705159 at *2 (N.D. Ill. Nov. 10, 2010). A certification is clearly erroneous only when "the reviewing court on the [basis of the] entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). *See United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005); *United States v. Islamic American Relief Agency ("IARA")*, No. 07-00087-CR-W-NKL, 2009 WL 5169536, at *4 (W.D. Mo. Dec. 21, 2009). Applying these standards, this Court finds that the certifications at issue here were made in accordance with FISA's requirements.

The defendant provides no facts in support of the claim that he was considered an agent of a foreign power solely upon the basis of activities protected by the First Amendment. The FISC may consider a U.S. person's First Amendment activities provided that they are not the sole basis for authorizing electronic surveillance or physical search. *See* 50 U.S.C. §§ 1805(a)(2)(A) and 1824(a)(2)(A); *Rosen*, 447 F.Supp.2d at 549-50 (stating that even activities that fall within the purview of the First Amendment's protection may be considered by the Court if other activity is indicative that the target is an agent of a foreign power). Furthermore, not all speech falls within the protection of the First Amendment, if statements made in furtherance of a conspiracy are evidence of the participant's criminal intent. Based on its *in camera, ex parte* review of the FISA materials, the Court finds that there is no merit to this argument.[5]

---

[5] As noted above, the classified supplement to this Memorandum Opinion will provide further discussion of the facts in support of this conclusion.

Finally, the defendant also argues that foreign intelligence was not a significant purpose of the government's collection pursuant to FISA, that the agents conducting the collection may not have properly followed minimization procedures, and that the collection may have violated other provisions of FISA. The defendant has not presented any specific facts related to this case to support these claims. As stated in the findings above, the Court has reviewed all of the relevant FISA materials in this case, and finds that there is no merit to any of these remaining arguments.

### III. Conclusion

For all of the foregoing reasons, I shall deny the defendant's motion (Doc. 40). An Order follows.

Dated: Feb. 22, 2018

John R. Adams
United States District Judge
Northern District of Ohio