# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16CR265 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| vs. | : | |
| | : | |
| ERICK J. HENDRICKS, | : | **DEFENDANT'S MOTION FOR** |
| | : | **JUDGMENT OF ACQUITTAL AND** |
| Defendant. | : | **NEW TRIAL** |

Defendant Erick Hendricks moves for a judgment of acquittal and, conditionally or alternatively, for a new trial. The government failed to present evidence sufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired and attempted to provide material support to a designated foreign terrorist organization—ISIS—as opposed to conspiring and attempting to take independent actions inspired by ISIS or supporting its goals. Thus, the Court should enter a judgment of acquittal on both counts and, under Rule 29(d)(1), conditionally grant him a new trial.

**I.  Evidence at Trial**

The government's expert, Dr. Lorenzo Vidino, explained that ISIS includes both a formal organization and independent actors inspired by ISIS who support and advance its goals:

> ISIS operates in a very fluid way. I think unlike some other terrorist organizations, there's obviously people who go to Syria and Iraq and physically join ISIS by swearing allegiance to the leader, to al-Baghdadi and join the organization physically.

> But ISIS has been very fluid. It's a somewhat revolutionary way of operating where basically individuals who don't really have the physical connections, as long as their actions fit into what ISIS wants, as long as they see and perceive themselves as part of ISIS, they're also ISIS.

R. 93, Trial Tr. at 1101-02, PageID #1692-93. Thus, Dr. Vidino testified, independent actors often carry out so-called ISIS attacks without coordinating their actions with ISIS or operating under ISIS's instruction or direction:

> So it's fairly common, for example, it's a dynamic that we've seen with a lot of terrorist attacks in the United States or in Europe, that individuals that carry out attacks have no operational connections to ISIS. They've never traveled to Syria. They've never traveled to Iraq.
>
> They might have been in touch online, but they really have no operational connection to ISIS. They carry out an attack, and then they claim to have done so on behalf of ISIS.

*Id.* at 1102, PageID #1693. Only after the attack, if successful, does ISIS retroactively accept the claim that the independent actor carried it out on ISIS's behalf. *Id.*

Initially, ISIS encouraged people to travel to Iraq and Syria to formally join the organization, the Islamic State of Iraq and Syria (hence, "ISIS"), and establish "a new society, a new state" and "to support their military efforts." *Id.* at 1103, PageID #1694. Beginning in the fall of 2014, however, ISIS more strongly urged supporters in the West to stay where they were and carry out independent attacks on their own. *Id.* at 1104-05, PageID #1695-96. As Dr. Vidino explained:

> The idea was, once, again, "You're much more useful where you are. We have followers worldwide. Attack the enemy. You know where the enemy is." And, of course, it's most western countries. Carry out attacks wherever you are, as long as you do it under the ISIS umbrella.

*Id.* Thus, although ISIS continues to have a formal organization in Iraq and Syria, it typically does not coordinate with or direct its supporters in other countries, and instead has used magazines and speeches to encourage them to act independently. *Id.*

2

Mr. Hendricks was charged with one count of conspiracy to provide material support and resources to a designated foreign terrorist organization and one count of attempting to provide material support and resources to a designated foreign terrorist organization. At trial, consistent with Dr. Vidino's description of ISIS's independent supporters, the government presented evidence that Mr. Hendricks was inspired by ISIS, supported its goals, discussed with other people how to further those goals, and took independent actions to further those goals. In particular, the government presented evidence that Mr. Hendricks: talked with others about forming a terrorist cell in America, including discussions about potential recruits, buying land, and weapons training; wrote documents about how to independently support ISIS's goals while living in the West; advised an undercover FBI agent to go to Garland, Texas and posted a document online after an attack there, claiming that "the Islamic State in America" carried out the attack; and met with a potential recruit in Baltimore, Maryland.

The government did not present any evidence of communications where ISIS members directed Mr. Hendricks's actions, gave him instructions, or coordinated with him about actions he would take on behalf of ISIS. In fact, the government did not present any records of text messages, phone calls, social media discussions, or any other communications between Mr. Hendricks and ISIS members. The government did not present any evidence that Mr. Hendricks met with ISIS members or that he ever traveled overseas. And the government did not present any evidence that Mr. Hendricks directed others to go overseas to join ISIS.

The jury convicted Mr. Hendricks on both counts. Soon after, Mr. Hendricks requested new counsel, which this Court granted, and counsel requested an extension of time to file post-

trial motions, which this Court also granted. Mr. Hendricks now moves for a judgment of acquittal and for a new trial.

**II.     Law & Argument**

The Court should enter a judgment of acquittal if it finds that no rational trier of fact could have found beyond a reasonable doubt that the defendant committed every element of the crimes charged. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Although the Court views the evidence in the light most favorable to the government, it must set aside the verdict "if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *United States v. Sherlin*, 67 F.3d 1208, 1214 (6th Cir. 1995). "Substantial evidence is more than just a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Id.* (internal quotation marks omitted); *United States v. McGahee*, 257 F.3d 520, 526 (6th Cir. 2001).

When a court enters a judgment of acquittal after a guilty verdict, it "must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." FED. R. CRIM. P. 29(d)(1). The Court should grant a new trial "where the evidence preponderates heavily against the verdict." *United States v. Lewis*, 521 F. App'x 530, 531 (6th Cir. 2013) (internal quotation marks omitted). "[T]he district court may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Id.* (internal quotation marks omitted).

The government failed to present evidence sufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired and attempted to provide material support to ISIS, the designated foreign terrorist organization, as opposed to conspiring and attempting to take independent actions

4

inspired by ISIS or supporting its goals. The Court should enter a judgment of acquittal on both counts and conditionally grant him a new trial.

> **A. The government's evidence was insufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired or attempted to provide material support to ISIS, as opposed to independently actions inspired by ISIS or supporting its goals.**

The government failed to establish one element common to both charges against Mr. Hendricks: material support to ISIS, as opposed to independent actions inspired by ISIS or supporting its goals. The government alleged that Mr. Hendricks conspired and attempted to provide material support to ISIS in the form of personnel and services. *See* R. 25, Superseding Indictment ¶¶ 6, 10, PageID #119, 121-22; R. 100, Trial Tr. at 1647-48, PageID #2684-85. A person provides personnel to a foreign terrorist organization only by providing "1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization." 18 U.S.C. § 2339B(h). "The statute makes clear that 'personnel' does not cover *independent* advocacy: 'Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.'" *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010) (quoting 18 U.S.C. § 2339B(h)) (emphasis in original); *see also* Jury Instructions, R. 100, Trial Tr. at 1648-49, PageID #2685-86 (same). "'[S]ervice' similarly refers to concerted activity, not independent advocacy." *Holder*, 561 U.S. at 23. (alteration in *Holder*). "The statute prohibits providing a service '*to* a foreign terrorist organization.' The use of the word 'to' indicates a connection between the service and the foreign group." *Id.* at 24 (quoting 18 U.S.C. § 2339B(a)(1)) (emphasis in *Holder*).

5

The statute does not criminalize all bad acts inspired or motivated by terrorism or Islamic extremism, or even supporting ISIS's goals; it criminalizes only providing material support to a designated foreign terrorist organization. For example, a person violates section 2339B by traveling to Yemen "to provide himself as an al-Qa'ida recruit," *United States v. Mehanna*, 735 F.3d 32, 42-46 (1st Cir. 2013), by teaching members of a designated foreign terrorist organization about international law, *Holder*, 561 U.S. at 21-22, or by providing money, even "small donations," to a designated foreign terrorist organization, *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1015 (7th Cir. 2002). But a person does not violate section 2339B by recruiting members to form an independent terrorist cell, providing them weapons and training, or carrying out attacks, even if he is inspired by a designated foreign terrorist organization or supports the organization's goals. *See Holder*, 561 U.S. at 24 (holding that "independent activity in support of a terrorist group" does not violate section 2339B). His actions would likely violate other state and federal criminal laws, but not the bar on providing material support to a designated foreign terrorist organization.

The government did not introduce evidence sufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired or attempted to provide personnel or services to ISIS, as opposed to personnel or services inspired by ISIS or to promote ISIS's goals. As to personnel, there was no evidence that Mr. Hendricks conspired or attempted to provide ISIS with himself or other individuals who would "work under [ISIS's] direction or control." 18 U.S.C. § 2339B(h). The government did not present any records of text messages, phone calls, social media discussions, or any other communications between Mr. Hendricks and ISIS members, much less evidence of communications where ISIS directed Mr. Hendricks's actions, gave him instructions, or coordinated with him about actions to take on behalf of ISIS. The government did not present any evidence that Mr.

Hendricks met with ISIS members or that he ever traveled overseas. And the government did not present any evidence that Mr. Hendricks directed others to go overseas to join ISIS. All of the evidence that the government presented concerned efforts by Mr. Hendricks to recruit others to join him in establishing an independent cell, not to provide personnel to be directed by ISIS.

As to services, the government never specified what services it claims Mr. Hendricks conspired or attempted to provide to ISIS. Regardless, there was no evidence of an agreement or attempt to provide services to ISIS, as opposed to services inspired by ISIS or that independently promoted ISIS's goals. There was evidence that Mr. Hendricks wrote documents about how supporters could promote ISIS's goals while living in the West, but those documents provided advice to people outside of the formal ISIS organization, not inside, and there was no evidence that Mr. Hendricks wrote them in concert with formal ISIS members. *See Holder*, 561 U.S. at 24 (rejecting the argument that "independent activity in support of a terrorist group could be characterized as a 'service'"). Likewise, there was evidence that Mr. Hendricks wrote and posted a document online after the attack in Garland, Texas, but there was no evidence that he did so on behalf of the ISIS organization. In fact, the document claimed that "the Islamic State in America" carried out the attack, not ISIS (the Islamic State in Iraq and Syria). The "Islamic State in America" would be a new, domestic organization, not a designated foreign terrorist organization.

Although the government argued extensively that Mr. Hendricks worked under ISIS's direction because he once mentioned "senior brothers," that evidence was insufficient for a jury to convict him. On a social media application, the user "hereafter" wrote to an undercover FBI agent: "I've spoken to senior brothers and the naseehah [meaning "advice"] is to remain here." R. 92, Trial Tr. at 938, PageID #1529. A jury could not find that this proved beyond a reasonable doubt
7

that Mr. Hendricks worked under ISIS's direction or control, or that he provided services as part of concerted activity with formal ISIS members, except by relying on a chain of unsupported inferences. *See United States v. Sliwo*, 620 F.3d 630, 638 (6th Cir. 2010) (reversing conspiracy and aiding-and-abetting convictions "made out by piling inference upon inference"). First, the jury would have to infer that "senior brothers" meant formal ISIS members, rather than senior independent supporters of ISIS's goals, despite no records of any text, phone, social media, or in-person communications between Mr. Hendricks and formal ISIS members. Second, the jury would have to infer that the communications between "senior brothers" and Mr. Hendricks went beyond a general message about supporting ISIS's goals by carrying out attacks at home, which Dr. Vidino testified ISIS had said publicly since 2014. Third, the jury would have to infer that Mr. Hendricks had other communications with the "senior brothers" where they directed or controlled his actions (to provide "personnel"), or worked in concert with him to provide services to ISIS, despite no evidence of those communications. The Sixth Circuit "has consistently held that evidence of this type, which requires conjecture and inference upon inference, is insufficient to sustain a conviction for conspiracy." *United States v. Coppin*, 1 F. App'x 283, 289 (6th Cir. 2001).

Because the government's evidence was insufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired or attempted to provide personnel or services to ISIS, as opposed to personnel or services inspired by ISIS or that supported its goals, the Court should enter a judgment of acquittal on both counts. Even if the evidence had been sufficient, because it was heavily outweighed by the evidence that Mr. Hendricks acted independently, and not under ISIS's direction or control, the Court should grant him a new trial.

8

**B. The government's evidence was insufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired with a non-governmental agent to provide material support to ISIS.**

Even if the government had introduce sufficient evidence that Mr. Hendricks conspired or attempted to provide material support to ISIS, its evidence was still insufficient to establish that Mr. Hendricks conspired to do so with anyone other than a government agent. "It is settled that proof of an agreement between a defendant and a government agent or informer will not support a conspiracy conviction." *United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989) (internal quotation marks omitted).

Although the government identified several people that Mr. Hendricks allegedly conspired with, none of them involved an agreement to provide personnel or services to ISIS. In its closing argument, the government suggested that Mr. Hendricks conspired with: "senior brothers"; "other individuals that he refers to in the communications who were part of this cell that he says he already has"; Amir Al-Ghazi, who the government claimed was sent the name of a potential recruit to vet; and Mr. Hendricks's wife, Tyrinda Hendricks, who the government claimed went with Mr. Hendricks to meet with potential recruits and wrote one of the documents with advice to people who supported ISIS's goals. *See* Gov't Closing Argument, R. 100, Trial Tr. at 1658, PageID #2695. For each alleged co-conspirator, though, the government cannot identify any agreement with Mr. Hendricks to provide personnel to act under ISIS's direction or control, or to engage in concerted activity with ISIS to provide services to that organization, as opposed to independent activity. The jury could convict Mr. Hendricks for conspiracy only by "conjecture and inference upon inference." *Coppin*, 1 F. App'x at 289. Thus, the Court should enter a judgment of acquittal on Mr. Hendricks's conspiracy conviction and conditionally grant him a new trial.

**III.     Conclusion**

Under 18 U.S.C. § 2339B, Congress criminalized providing material support to designated foreign terrorist organizations, not all acts inspired by or supporting the goals of terrorist organizations. The government failed to present evidence sufficient to prove beyond a reasonable doubt that Mr. Hendricks conspired and attempted to provide material support to ISIS, as opposed to conspiring and attempting to take independent actions inspired by ISIS or supporting its goals. The Court should enter a judgment of acquittal on both counts and conditionally grant him a new trial.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/EDWARD G. BRYAN*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar:  0055556
CHRISTIAN J. GROSTIC
Ohio Bar: 0084734
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856   Fax: (216)522-4321
Email: edward_bryan@fd.org
           christian_grostic@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

      */s/EDWARD G. BRYAN*
      EDWARD G. BRYAN
      Assistant Federal Public Defender