**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16CR265 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| vs. | : | |
| | : | |
| ERICK J. HENDRICKS, | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Erick Hendricks submits this sentencing memorandum in support of his request for a sentence of 120 months in prison. Mr. Hendricks's requested sentence, an upward departure from his correct advisory guidelines range of 63 to 78 months in prison, is sufficient but not greater than necessary to satisfy the purposes of sentencing.

## I.  BACKGROUND

Erick Hendricks is 37 years old. Before this case, he had been in trouble with the law only once: a theft offense as a juvenile, over 20 years ago. Until his arrest in this case, he was gainfully employed for many years, first as a security guard and then repairing cellular telephones.

Mr. Hendricks was convicted of conspiracy to provide material support to a designated foreign terrorist organization and attempting to provide material support to a designated foreign terrorist organization. The government alleged that he communicated with potential ISIL supporters and recruits on social media and in person, wrote a document on how to counteract law enforcement surveillance, and posted a document online taking credit for an attack in Garland, Texas, on behalf of "Islamic State in America." *See* PSR ¶¶ 7, 10, 16. Mr. Hendricks was not charged with and never carried out any terrorist attacks or made any concrete plans to do so, and it is

unlikely that he had the funds, means, or ability to complete the indefinite plans presented at trial. *See, e.g.*, PSR ¶¶ 59-60 (financial condition).

These events are not all that Mr. Hendricks is. Those who know Erick best describe him as helpful, hardworking, and caring. His mother explains that he "is a very positive influence on the community. He has been a mentor for young folks. He also encourages young people in our small community to do upright things." Ex. A, L. Moore-Woods Letter. Andrea Hansen, a religious wife, describes how he worked on community projects and helps even people he does not know, adding: "Working with Erick allowed me to experience the hardworking, polite, caring, and considerate person he is. . . . I recognized long ago how he treated and spoke to those in need, the same way he treats those he knows (with respect and concern)." Ex. B, A. Hansen Letter.

## II. LAW & ANALYSIS

**A. Mr. Hendricks's correct advisory guidelines range is 63 to 78 months in prison.**

Mr. Hendricks's base offense level is 26 and his criminal history category is I, *see* PSR ¶¶ 25, 37, yielding an advisory guidelines range of 63 to 78 months in prison.

The PSR added an enhancement under Guideline § 3A1.4, which added 12 levels to his offense level and increased his criminal history category to VI. *See* PSR ¶¶ 27, 38. Mr. Hendricks objected, arguing that § 3A1.4 did not apply because Mr. Hendricks's offense was not "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." PSR at 18. The probation officer did not dispute that Mr. Hendricks's motive was not to influence, affect, or retaliate against government conduct, but concluded that the enhancement applied regardless of Mr. Hendricks's motive. *Id.* at 18-19.

2

The probation officer is incorrect, and the § 3A1.4 enhancement does not apply to Mr. Hendricks. Guideline § 3A1.4 applies to offenses that involve, or were intended to promote, a "federal crime of terrorism," as defined in 18 U.S.C. § 2332(b)(g)(5). U.S. SENTENCING GUIDE-LINES § 3A1.4(a) & cmt. n. 1. That statute defines "federal crime of terrorism" as an offense that (1) violates any of several enumerated statutes; and (2) "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." 18 U.S.C. § 2332(b)(g)(5). Section 3A1.4's application notes confirm that the guideline does not apply if, for example, "the terrorist motive was to intimidate or coerce a civilian population, rather than to influence or affect the conduct of government." U.S. SENTENCING GUIDELINES § 3A1.4(a) cmt. n. 4.

The evidence did not show that Mr. Hendricks's motive was to influence, affect, or retaliate against government conduct, and § 3A1.4 thus does not apply. The Garland attack, and the posted document purportedly from Mr. Hendricks, were specifically directed at the organizer of a "Draw the Prophet Muhammed" contest, with warnings that "everyone who houses her events, gives her a platform to spill her filth are legitimate targets." PSR ¶¶ 16-18. Mr. Hendricks's offense did not involve any other attacks or concrete attack plans, and in his social media communications, he did not state any specific motive to influence, affect, or retaliate against government conduct.

In support of his claim that Guideline § 3A1.4 applies regardless of Mr. Hendricks's intent, the probation officer relied in *United States v. Chandia*, 514 F.3d 365 (4th Cir. 2008). *See* PSR at 19. But that decision actually supports Mr. Hendricks. In *Chandia*, the defendant was convicted of three counts of providing material support to terrorist or terrorist organizations. *Id.* at 369. The district court adopted the PSR's guidelines calculations, which included § 3A1.4's offense-level

3

and criminal-history enhancement. *Id.* at 375-76. On appeal, the Fourth Circuit vacated the sentence. The court found that "the PSR did not contain any factual assertions and the district court did not make any factual findings related to the intent element. Instead, both appeared to assume (erroneously) that the enhancement automatically applies to a material support conviction." *Id.* at 376.

The PSR here makes the same mistake, assuming (erroneously) that § 3A1.4 automatically applies to Mr. Hendricks's material support conviction. It does not. Because Mr. Hendricks's intent was not to influence, affect, or retaliate against government conduct, the enhancement does not apply. *See* U.S. SENTENCING GUIDELINES § 3A1.4(a) & cmt. n. 1; 18 U.S.C. § 2332(b)(g)(5).

**B. Relevant section 3553(a) factors support a less severe sentence.**

Mr. Hendricks recognizes that, even though Guideline § 3A1.4 does not apply, the application notes suggest that an upward departure may be appropriate for material support convictions where the defendant's motive was not to influence, affect, or retaliate against government conduct. *See* U.S. SENTENCING GUIDELINES § 3A1.4(a) cmt. n. 4. Nevertheless, several key sentencing factors support a less substantial upward departure and, even if § 3A1.4 did apply, would support a downward variance. Taking all of these factors into account, Mr. Hendricks submits that a sentence of 120 months in prison is sufficient but not greater than necessary to satisfy the purposes of sentencing.

*1. Mr. Hendricks's history and characteristics.* Apart from this offense, Mr. Hendricks has been a law-abiding and productive citizen. Even category I overstates his criminal history

4

compared to other similar defendants. Offenders with zero criminal history points, like Mr. Hendricks, have a significantly lower recidivism rate than do offenders with one criminal history point. *See* U.S. SENTENCING COMMISSION, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders, at 6.[1] A sentencing judge must "consider every convicted person as an individual," *Gall v. United States*, 552 U.S. 38, 52 (2007) (internal quotation marks omitted), and it would not be appropriate to sentence Mr. Hendricks as if he were identically situated to defendants with criminal history points, much less defendants with so many criminal history points that they fall within category VI, as Guideline § 3A1.4 would have the Court do.

*2. The nature and circumstances of the offense.* Mr. Hendricks was convicted of a serious offense and will receive a serious punishment. Notably, though, Mr. Hendricks was convicted only of inchoate offenses—conspiracy and attempt—and not of actually providing material support to a designated foreign terrorist organization. He never carried out any terrorist attacks or made any concrete plans to do so, and it is unlikely that he had the funds, means, or ability to complete the indefinite plans presented at trial. Extremist and terroristic motivations, while serious, do not warrant a substantial increase from Mr. Hendricks's guidelines range of 63 to 78 months in prison, and not near the 360 months in prison that Guideline § 3A1.4 would call for.

*3. Charging decisions.* Mr. Hendricks was convicted of two counts: conspiracy to provide material support to a designated foreign terrorist organization and attempting to provide material support to a designated foreign terrorist organization. Those two counts addressed the same conduct, though. Had the government chosen to charge Mr. Hendricks with one count instead of two,

---

[1] Available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf.

5

his maximum sentence would be 15 years in prison rather than 30. Even if it does not technically violate the Double Jeopardy Clause to charge a defendant with two crimes for the same conduct, it would be unfair to double Mr. Hendricks's sentence, or even to exceed the 15-year maximum for one count, simply based on the government's charging decisions.

### III. CONCLUSION

Because Mr. Hendricks did not intend to influence, affect, or retaliate against government conduct, Guideline § 3A1.4 does not apply. With or without the § 3A1.4 enhancement, Mr. Hendricks's history and characteristics, the nature and circumstances of this case, and the other relevant 3553(a) factors do not warrant a sentence substantially above Mr. Hendricks's original advisory guidelines range of 63 to 78 months in prison.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/EDWARD G. BRYAN*
EDWARD G. BRYAN
Assistant Federal Public Defender
Ohio Bar: 0055556
CHRISTIAN J. GROSTIC
Ohio Bar: 0084734
1660 West Second Street, #750
Cleveland, OH 44113
(216)522-4856  Fax: (216)522-4321
Email: edward_bryan@fd.org
       christian_grostic@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on January 28, 2019, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                      */s/EDWARD G. BRYAN*_____
                                      EDWARD G. BRYAN
                                      Assistant Federal Public Defender